IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMRA FOERSTER, individually and on behalf of all others similarly situated, : : : : : : : : : : | CIVIL ACTION<br><br>NO. 1:17-cv-01337-JEJ |
| Plaintiff, | |
| v. | |
| FIRSTCOLLECT, INC., | |
| Defendant. | |

## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement dated as of June 12, 2018, ("Agreement"), is made and entered into by and among the following Parties, as those terms are defined herein: (i) Plaintiff, Tamra Foerster, on behalf of herself and each of the Settlement Class members, by and through Class Counsel; and (ii) the Defendant, FirstCollect, Inc., by and through its counsel of record in this Action. This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

## RECITALS

1. **Parties.** Defendant, FirstCollect, Inc. ("FCI"), and Plaintiff, Tamra Foerster ("Plaintiff") individually, and as representative of the class of persons defined below in ¶10 (the "Settlement Class"), enter into this Agreement as to the claims of Plaintiff and the Settlement Class arising from FCI's collection letters. Plaintiff and FCI are collectively referred to hereinafter as the "Parties."

2. **Nature of Litigation.** On September 21, 2017, Plaintiff, individually and on behalf of a class, filed a lawsuit in the United States District Court for the District of Delaware, which was captioned as *Foerster v. FirstCollect, Inc.* Case No. 1:17-cv-01337-JEJ [ECF No. 1] (the "Litigation"). The Litigation alleges FCI violated the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692, *et seq.* ("FDCPA"), by sending consumers written collection communications which attempted to charge a fee that was not authorized by the agreement creating the debt or permitted by law.

3. FCI desires to settle the claims to avoid additional expense, burden, and uncertainty of further litigation, and to put to rest all claims related to its collection letters and all claims which have or could have been asserted by Plaintiff or the Settlement Class against FCI in the Litigation.

4. Plaintiff, individually and on behalf of the Settlement Class, desires to settle their claims against FCI, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Litigation will be further protracted and expensive.

5. Plaintiff's counsel have conducted an extensive investigation of the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel consider it to be in the best interest of the Settlement Class to enter into this Agreement.

6. In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, FCI, and FCI's counsel collectively agree to settle the claims of the Plaintiff and the Settlement Class arising from the FCI's collection letters, subject to the Court's approval, on the following terms and conditions.

**TERMS**

7. **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order

which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses without prejudice the claims alleged by Plaintiff and the Settlement Class in the Complaint; and, (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

8. **Class Counsel.** Class Counsel means the following counsel for the Class Representative and the Settlement Class:

> Ari H. Marcus, Esq.
> Marcus & Zelman LLC
> 701 Cookman Avenue, Suite 300
> Asbury Park, New Jersey 07712
>
> Antranig Garibian, Esq.
> Garibian Law Offices, P.C.
> 1010 Bankcroft Parkway, Suite 22
> Wilmington, Delaware 19805

9. **Defense Counsel.** Defense Counsel means the following counsel for FCI:

> Josiah Wolcott, Esq.
> Connolly Gallagher LLP
> 267 East Main Street
> Newark, Delaware 19711

10. **Certification of Settlement Class**. For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> All Delaware consumers who were sent collection letters and/or notices from Defendant, during the period of September 21, 2016 to present, attempting to collect a consumer debt owed to or allegedly owed to Kent Foot & Ankle Center which stated "all partial payment accounts will be charged a $4.00 partial payment fee for each payment received"

11. **Class Size.**   During discovery, FCI has provided information to Class Counsel Specifically, that there are approximately 214 persons in the Settlement Class.

12. **Net Worth.**   The Parties acknowledge that the FDCPA limits class recovery of statutory damages up to the lesser of $500,000.00 or 1% of FCI's net worth. During discovery, FCI has made certain representations to Class Counsel concerning its net worth. As a result of significant in-depth settlement discussions and negotiations, the Parties have agreed FCI will pay $2,354.00 in statutory damages to the Settlement Class, which represents the full 1% of FCI's net worth, and represents $11.00 to each class member. Under the circumstances, the parties agree that this amount is fair and reasonable.

13. **Relief to Plaintiff and the Settlement Class.** In view of all the foregoing, FCI shall provide the following relief to Plaintiff and the Settlement Class:

(a) FCI will create a class settlement fund of $2,354.00 ("Class Recovery"), which the Class Administrator, First Class, Inc. will distribute *pro rata* among those Settlement Class Members who do not exclude themselves ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. The shares of any of the Settlement Class Members who cannot be located because the Notice set forth in ¶ 22 has been returned as "undeliverable" will first be returned to the Defendant until they are reimbursed their cost for the class administration, and any remaining will be donated as set forth in ¶ 13(c). Checks issued to Claimants will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Claimants' checks, these remaining funds will be distributed as set forth in ¶ 13(c).

(b) FCI shall pay $1,000.00 to Plaintiff for her statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus $500.00 in recognition for her services to the Settlement Class.

(c) The shares of any of the Settlement Class Members who cannot be located and any checks that have not been cashed by the void date will be donated as a *cy pres* award to a charitable organization. The Parties propose that the *cy pres* award be donated to Community Legal Aid Society, Inc., and that the award will be expressly earmarked for the benefit of Delaware consumers. The Parties' selection of the forgoing *cy pres* recipient is subject to the Court's approval at the time of the final fairness hearing.

14. FCI agrees to pay Plaintiff's reasonable attorneys' fees and costs as provided

under 15 U.S.C. § 1692k. As such, FCI agrees Settlement Class Counsel shall be entitled to receive $32,500.00, which covers all fees and all expenses arising out of the Litigation. The award of fees, costs, and expenses to Class Counsel shall be in addition and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members. Upon payment of $32,500.00 to Class Counsel, FCI shall have no further obligation with respect to Class Counsels' fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Settlement Class Member. FCI shall pay $8,500.00 on or before May 15, 2018 and an additional $1,333.33 a month for 18 months thereafter (beginning June 30, 2018), to be held in escrow until final approval. Scott Spinella of FCI personally guarantees that these payments will be timely made.

15. Settlement Class Members shall have forty-five (45) days after mailing of the notice of the proposed settlement to exclude themselves from, or object to, the proposed settlement.

16. Any Settlement Class Member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class Members desiring to exclude themselves from the Litigation must serve copies of the request to the Class Administrator by the date set by the Court. Any Settlement Class member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement.

17. Any Settlement Class Member may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on Class Counsel and FCI's counsel at the addresses set forth in ¶ 30 of this Agreement within the time period set by the Court. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the Agreement is not in the best interests

of the Settlement Class. Any Settlement Class Member who objects to the Agreement may appear at the Final Approval Hearing and, subject to Court approval, be heard on the fairness of the settlement.

18. **Payment of Settlement Funds**. Within 14 days before the Effective Date, FCI shall distribute all monies set forth in ¶13(a) to the Class Administrator, First Class, Inc. located at 5410 W. Roosevelt Rd., Ste. 222, Chicago, Illinois 60644. The Class Administrator shall then distribute all such payments as soon as practical. Within 14 days before the Effective Date, FCI shall distribute all monies set forth in ¶13(b) to Class Counsel. The check for the monies described in ¶ 13(b) and ¶ 14 shall be made payable to "Garibian Law Offices, PC Trust Account."

19. **Release.** Upon the Effective Date, the Parties grant the following releases:

(a) Plaintiff, Tamra Foerster, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges FCI, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to FCI's collection activity.

(b) Each member of the Settlement Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to FCI's collection activity of sending collection notices which attempted to collect a $4.00 fee for making partial payments.

(c) IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Settlement Class Member may have with respect to the underlying debts which FCI was attempting to collect, including, but not limited to, (1) whether any debt is in fact owed, or (2) the crediting of payments on any debt.

20. The releases set forth herein are conditioned upon the Court's approval of the Agreement and FCI meeting its obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

21. **Notice Costs and Related Matters.** As each cost or expense is incurred and invoiced by the Class Administrator, FCI shall pay directly to the Class Administrator all the reasonable costs and expenses necessary to administer and facilitate the Settlement, including, but not limited to, the costs and expenses of printing and mailing Notice and issuing and mailing settlement checks to Settlement Class Members.

22. **Notice.** Within thirty (30) days of entry of the Preliminary Approval Order, FCI's Counsel shall, through the Class Administrator, cause actual notice in the form of Exhibit 1, to be sent to Settlement Class Members using FCI's last known and addresses of the Settlement Class Members. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provides within four (4) days of receipt. Neither the Class Administrator, FCI, nor Counsel is required to skip trace any notices that are returned as undeliverable.

23. FCI shall provide notice of this proposed class settlement to the appropriate state and federal authorities, and file proof of same with the Court, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").

24. **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for the Preliminary Approval Order, attached as Exhibit 2, which:

(a) Preliminarily approves this Agreement;

(b) Certifies the Settlement Class defined in ¶ 10 for settlement purposes;

(c) Appoints Ari Marcus and Antranig Garibian as Class Counsel;

(d) Appoints Plaintiff, Tamra Foerster, as the representative of the Settlement Class;

(e) Sets dates for Settlement Class members to opt-out or to object;

(f) Schedules a hearing for final approval of this Agreement;

(g) Approves Exhibit 1 hereto as notice to the Settlement Class, to be directed to the last known address of the Settlement Class Members as shown in FCI's business records;

(h) Finds that mailing of the Settlement Class notice and the other measures specified in ¶ 22 are the only notice required to the Settlement Class and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

25.  The Parties agree to request the form of notice attached hereto as <u>Exhibit 1</u> and propose the form of preliminary approval order attached hereto as <u>Exhibit 2</u>. The fact that the Court may require non-substantive changes in the proposed class notice or preliminary approval order does not invalidate this Agreement.

26.  **Final Approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Class Counsel, FCI, and FCI's counsel shall request that the Court enter a Final Order:

(a)  approving the terms of this Agreement as fair, reasonable, and adequate;

(b)  providing for the implementation of its terms and provisions;

(c)  certifying for purposes of settlement the Settlement Class;

(d)  finding that the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;

(e)  dismissing the claims of Plaintiff and the Settlement Class alleged in the Complaint without prejudice and without costs;

(f)  retaining exclusive jurisdiction to enforce the terms and provisions of this Agreement;

(g)  directing FCI, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, to file a notice apprising the Court that the terms of the Agreement have been complied with and providing the

      Court with an accounting of how the money in the Class Recovery was distributed; and

(h)  directing that ten (10) days after the filing of the notice contemplated in ¶ 26(g) above, the dismissal of the claims of Plaintiff and the Settlement Class shall be with prejudice and without costs, absent a timely motion by either Plaintiff or FCI.

27.  The Parties agree to request the form of final order attached hereto as <u>Exhibit 3</u>. Any require non-substantive changes in the final order does not invalidate this Agreement.

28.  **<u>Release of Attorneys' Lien</u>.** In consideration of this Settlement Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in ¶ 19(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of Class Counsels' fees and costs to be distributed pursuant to ¶ 14.

29.  **<u>Miscellaneous Provisions</u>.** The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement is consummated, it shall in no event be construed as, or be deemed to be, evidence of an admission on the part of FCI of any liability to the Settlement Class.

30.  Notices of exclusion requests and objections related to this Agreement shall be sent to:

    Ari Marcus, Esq.
    Marcus & Zelman LLC
    701 Cookman Avenue, Suite 300
    Asbury Park, New Jersey 07712

Notices to FCI shall be sent to:

    Josiah Wolcott, Esq.
    CONNOLLY GALLAGHER LLP

        267 East Main Street
        Newark, Delaware 19711

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

31.    The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.

32.    This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

33.    Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

34.    This Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware. The parties submit to the jurisdiction of a court of competent jurisdiction within the State of Delaware.

35.    If final approval is granted, the Parties shall retain the Settlement Class list and a list of Settlement Class members who opted out or excluded themselves for six months thereafter, and may destroy them after that period.

    **IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

| **Defendant:** | **Plaintiff:** |
|---|---|
| FirstCollect, Inc. | |
| By: | Tamra Foerster |
| Dated: | Dated: |
| Josiah Wolcott, Esq. | Ari Marcus, Esq. |
| CONNOLLY GALLAGHER LLP | Marcus & Zelman LLC |
| 267 East Main Street | 701 Cookman Avenue, Suite 300 |
| Newark, Delaware | Asbury Park, New Jersey 07712 |
| **Attorneys for Defendant** | **Attorneys for Plaintiff** |

-13-

**Defendant:**
FirstCollect, Inc.

By: _Scott Spinella_
Dated: 7-2-18

Josiah Wolcott, Esq.
CONNOLLY GALLAGHER LLP
267 East Main Street
Newark, Delaware
**Attorneys for Defendant**

**Plaintiff:**

Tamra Foerster
Dated:

Ari Marcus, Esq.
Marcus & Zelman LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
**Attorneys for Plaintiff**

| | |
|---|---|
| By:<br>Dated:<br><br>7-3-18 | Tamra Foerster<br>Dated:<br><br>*[signature]* |
| Josiah Wolcott, Esq.<br>CONNOLLY GALLAGHER LLP<br>267 East Main Street<br>Newark, Delaware<br>**Attorneys for Defendant** | *[signature]*<br>Ari Marcus, Esq.<br>Marcus & Zelman LLC<br>701 Cookman Avenue, Suite 300<br>Asbury Park, New Jersey 07712<br>**Attorneys for Plaintiff** |