## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMRA FOERSTER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    -v-<br><br>FIRSTCOLLECT, INC.<br><br>        Defendant. | Civil Case Number: 1:17-cv-01337-JEJ |

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT AND RELEASE

### I.        INTRODUCTION

Plaintiff Tamra Foerster ("Plaintiff"), individually, and as representative of the class of persons defined below in III.A ("Settlement Class"), and FirstCollect, Inc. ("Defendant" or "FCI"), jointly submit this Memorandum of Law in Support of Final Approval of the Class Settlement Agreement and Release ("Agreement"), which Plaintiff and Defendant, entered into on July 2, 2018 and which this Court preliminarily approved on July 12, 2018 [D.I. 21].

The Court is advised that notice of the settlement of this action was mailed on or before August 10, 2018 to 195 Settlement Class members by the Settlement Administrator, First Class Inc.. See Bailey Hughes Affidavit ("Hughes") ¶7. Seventeen (17) envelopes were returned by the United States Postal Service, of which zero were returned by the United States Postal Service with a forwarding address, and subsequently re-mailed. [Hughes ¶10]. In total, 178 Settlement Class members received actual notice of the settlement. No Settlement Class members objected to the settlement or requested exclusion from the settlement. [Hughes ¶11-12]. Thus, pursuant to

1

the Agreement and subject to the Court's approval, each Settlement Class member will receive thirteen dollars and twenty two cents ($13.22), which represents their share of the monetary benefits under the Agreement, and any remaining funds will be donated as a *cy pres* award to company approved of by the Court. The parties propose Community Legal Aid Society, Inc.

## II.    OVERVIEW OF THE CASE

On September 21, 2017 Plaintiff, individually and on behalf of a class, filed the above-captioned class action lawsuit, which alleges that FCI violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA"), by *inter alia*, by sending consumers written collection communications that charged consumers $4.00 for each partial payment received (See D.I. 1). On January 5, 2018, FCI filed their Answer and affirmative defenses denying any wrongdoing (See D.I. 7).

Soon thereafter, the parties began engaging in informal discovery with the hopes of reaching a settlement. Informal discovery included but was not limited to issues related to consumer debt, third party collection agency, consumers, putative class size, net worth, and damages. After informal discovery was exchanged, the parties were able to reach a settlement in principal, which eventually culminated in a fully executed Settlement Agreement. [Exhibit A to Joint Motion for Certify Class D.I. 19] As noted, *supra*, The Court preliminarily approved the Agreement on July 12, 2018 [See D.I. 19].

In accordance with the Court's Order, notice of the settlement of this action was mailed to Settlement Class members on or before August 10, 2018. The time to opt out or object has passed, with no settlement members either opting out or objecting. Consequently, as demonstrated below, the Agreement is now ripe for this Court's final approval.

### III.    ADMINISTRATION OF THE SETTLEMENT

#### A.    The Preliminary Approval Order

In the Order, the Court specifically found that the proposed terms of the settlement satisfied all of the elements of Federal Rule of Civil Procedure 23(a) and 23(b)(3). The Order preliminarily certified a class defined as:

> All Delaware consumers who were sent collection letters and/or notices from Defendant, during the period of September 21, 2016 to present, attempting to collect a consumer debt owed to or allegedly owed to Kent Foot & Ankle Center which stated "all partial payment accounts will be charged a $4.00 partial payment fee for each payment received"

[See D.I. 19]. The Order established a procedural framework for the final approval of the settlement. The Order also required the Parties to cause notice to be mailed to the members of the above defined Class, and further set deadlines and procedures for Class members to request exclusion from the Class and/or to object to the settlement, and set a date and time for the fairness hearing.

#### B.    The Sending of Class Notice

On or before August 10, 2018, First Class, Inc., the Settlement Administrator selected by the Parties, caused actual notice to be sent by first class mail to 195 Settlement Class members. [Marcus Declaration ¶9]. Seventeen envelopes were returned by the United States Postal Service, of which zero were returned by the United States Postal Service. [Marcus Declaration ¶9]. In total, 178 Settlement Class members received actual notice of the settlement. No Settlement Class members objected to the settlement or requested exclusion from the settlement. [Marcus Declaration ¶10-11]. Thus, pursuant to the Agreement and subject to the Court's approval, each Settlement Class member will receive thirteen dollars and twenty two cents ($13.22), which represents their share of the monetary benefits under the Agreement, and any monies set aside for

3

those class members who the administrator was unable to locate, who opted out, or who objected, will be donated as a *cy pres* award to *cy pres* recipient approved by the Court. The parties propose Community Legal Aid Society, Inc.

### C.    The Value of the Settlement

The Court previously considered the terms of the Agreement in entering the Order, which are as follows:

(a)    FCI will create a class settlement fund of $2,354.00 ("Class Recovery"), which the Class Administrator, First Class, Inc. will distribute *pro rata* among those Settlement Class Members who do not exclude themselves ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Claimants' checks, these remaining funds will be distributed as set forth in ¶ C(c).

(b)    FCI shall pay $1,000.00 to Plaintiff for her statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus $500.00 in recognition for her services to the Settlement Class.

(c)    The shares of any of the Settlement Class Members who cannot be located and any checks that have not been cashed by the void date will be donated as a *cy pres* award to a charitable organization. The Parties propose that the *cy pres* award be donated to Community Legal Aid Society, Inc., and that the award will be expressly earmarked for the benefit of Delaware consumers. The Parties' selection of the forgoing *cy pres* recipient is subject to the Court's approval at the time of the final fairness hearing.

Of the 195 Settlement Class members who were sent notice, none have objected to or asked to be excluded from the Settlement. This fact should be viewed by the Court as a significantly strong endorsement of the settlement by the Class.

### IV.    THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT

The Court should grant final approval to the settlement. The Class meets all the requirements of Fed. R. Civ. P. 23 and the Agreement is fair and reasonable.

4

**A.    The Class Meets All the Requirements of Fed. R. Civ. P. 23(a).**

**1.    Rule 23(a)(1) - The settlement class is so numerous that joinder of all members is impracticable.**

Fed. R. Civ. P. 23(a)(1) requires the class be "so numerous that joinder of all members is impracticable. Here, there were 195 individuals who met the Class definition each of whom were sent direct notice of the settlement via U.S. Mail, pursuant to the Order. The number of Class members in this case plainly satisfies the numerosity requirement of Rule 23(a)(1).

**2.    Rule 23(a)(2) - The claims of the settlement class arise from common questions of law and fact.**

Fed. R. Civ. P. 23(a)(2) requires the existence of "questions of law or fact common to the class." "The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 183 (3d Cir. 2001) (internal quotation marks omitted); *see also Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 597–98 (3d Cir. 2012). The Settlement Class members have identical legal claims based upon a standardized collection letter sent by FCI to Plaintiff and each Settlement Class Member.

**3.    Rule 23(a)(3) – Plaintiffs' claims are typical of the claims of the settlement class.**

Fed. R. Civ. P. 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The "typicality" requirement of Rule 23(a)(3) is satisfied for the reasons that the "commonality" requirement of Rule 23(a)(2) is met. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998).  To conduct the typicality inquiry, the court must examine "whether the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295–96 (3d Cir. 2006). Here, Plaintiff's claims share the same

common issues of fact and law as those held by the Settlement Class members – namely, FCI mailed Plaintiff and each Settlement Class member collection letters that listed a charge of $4.00 for each partial payment made.

    **4.**    **Rule 23(a)(4) - Plaintiffs and class counsel have fairly and adequately protected the interests of the settlement class.**

Fed. R. Civ. P. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interest of the class." This rule involves two considerations: (1) whether the plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (2) whether the plaintiff has any interests antagonistic to the class. *General Tel. Co. v. Falcon*, 102 S.Ct. 2364, 2370, n.13 (1982). Respectively attached hereto is the affidavit of Class Counsel, Ari Marcus, which sets forth his experience in cases involving complex issues and class action litigation. Additionally, Plaintiff has no interests that are antagonistic to the Settlement Class Members as evidenced by the fact that he has seen this Litigation through to its conclusion on behalf of the Settlement Class Members. In view of the foregoing, Plaintiff and his counsel satisfy the adequacy of representation requirement of Rule 23(a)(4).

    **B.**    *The Class Meets All The Requirements of Fed. R. Civ. P. 23(b)(3).*

Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." For the reasons set forth below, both of these requirements are satisfied in the present case.

    **1.**    **Common questions predominate over individual issues.**

Here, a common issue of fact – i.e., an identical, computer-generated, collection letter mailed by FCI to Plaintiff and the Settlement Class Members – predominates over any individual

issues relating to Class members. Likewise, a common issue of law – i.e., whether Defendant's letters violated the FDCPA – predominates over any individual issues relating to each Settlement Class Member. Thus, Rule 23's predominance requirement is satisfied.

        **2.**      **A class action is superior to other methods of resolving this matter.**

Here, given the large number of individual lawsuits that would be required if a class were not certified, a class action presents a superior method to fairly and efficiently adjudicate all of the claims of the Settlement Class in this case, within the meaning of Rule 23(b)(3). To the extent any Settlement Class members wished to pursue any such individual claim, they were free to exclude themselves from the Settlement Class under Rule 23(b)(3). In light of the foregoing, Plaintiff has met the superiority element of Rule 23(b)(3).

        **C.**    *The Court Should Grant Final Approval to the Agreement Because It Is Fair, Reasonable, and Adequate.*

"If the [proposed settlement] would bind class members, the court may approve it only after a hearing and finding it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The question presented on a motion for final approval of a proposed class action settlement is whether the proposed settlement is fair in light of the following factors:

> (1) the complexity, expense and likely duration of the litigation … ;(2) the reaction of the class to the settlement … ; (3) the stage of the proceedings and the amount of discovery completed … ; (4) the risks of establishing liability … ; (5) the risks of establishing damages … ; (6) the risks of maintaining the class action through trial … ; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery … ; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation…

*Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); s*ee also Walsh v. Great Atlantic and Pacific Tea Co.*, 726 F.2d 956 (3d Cir. 1983). Subsequent to *Girsh*, the Third Circuit has also suggested

that other factors may also bear. *See In re Prudential*, 148 F.3d 283, 323 (3d Cir. 1998). An evaluation of the relevant factors demonstrates that the settlement fits well within the range of reasonableness and should be approved.

Here, the proposed settlement meets the requirements for procedural fairness. The proposed settlement was not reached until after the Parties voluntarily exchanged documents and, thereafter, substantive arm's length negotiations that took place over several months to resolve the case on a class basis. Likewise, there is no evidence of fraud or collusion as FCI has consistently denied all individual and class liability. As reflected on the Court's docket, the Parties have been well-represented by their counsel with each party having obtained enough information to make a reasonable professional judgment as to the merits of the settlement. The declaration of Class Counsel also demonstrates that he possessed sufficient ability and experience to effectively represent the class.

### 1.    The complexity, expense, and likely duration of litigation.

Although this case is not particularly complex, the likelihood of success for the class members if they proceeded to trial is uncertain. The class claims and defenses involve complex legal issues and FCI has raised several defenses to the Plaintiff's individual claims, which it avers would ultimately have defeated the claims of the putative class. The remainder of the Litigation includes completion of discovery, motions for class certification and summary judgment, and trial.

Of course, Plaintiff and the Settlement Class Members might have received nothing at trial. Settlement eliminates any further risk and expense for the Parties. Considering the potential risks and expenses associated with continued prosecution of the case, the probability of appeals,

the certainty of delay, and the ultimate uncertainty of recovery through continued litigation, the proposed settlement is fair, reasonable, and adequate.

### 2.    The reaction of the class to the settlement.

Here, 195 Settlement Class members were mailed actual direct notice, and none of them have objected or asked to be excluded from the class . The fact that there were no opt outs or objectors is persuasive evidence of the proposed settlement's fairness and adequacy. *In re Rite Aid Securities Litig.*, 269 F. Supp. 2d 603, 608 (E.D. Pa. 2003). These facts indicate a strong positive reaction by Settlement Class members to the Agreement and heavily weighs in favor of approving settlement.

### 3.    The stage of the proceedings.

Here, the disputed issues between the Parties are both legal and factual in nature. As noted *supra*, the Parties voluntarily engaged in discovery and passed along information necessary for the Parties to gauge the strengths and weaknesses of their claims/defenses and to make an informed decision about settlement. Consequently, Plaintiff submits that this factor also weighs in favor of approval.

### 4.    The risks of establishing liability, establishing damages, and maintaining the class action through trial.

Here, the likelihood of class members succeeding at trial is uncertain in view of FCI's steadfast arguments against liability and class certification; however, the settlement provides for real recovery. Additionally, Plaintiff's here are receiving maximum statutory damage under the FDCPA. H Thus, Plaintiff submits that these factors also heavily weighs in favor of approval.

### 5.    Defendant's ability to withstand a greater judgment/the range of reasonableness of the settlement fund in light of the best possible recovery/the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

The FDCPA limits class damages to the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). Here, as a result of in-depth settlement discussions the Parties agreed FCI will pay the maximum 1% in damages to the Settlement Class. As such, Plaintiff was able to obtain maximum statutory damage for the Class. As the recovery is up to 1%, even had this matter proceeded through trial and Plaintiff prevailed, there is no guarantee that Plaintiff would have recovered the full 1% for the class.

A trial in this case would be expensive and lengthy and continued litigation, including possible appeals, could have depleted FCI's resources to pay any judgment or possible future settlement thereby making early settlement even more valuable to the proposed class members. As such, considering the uncertainties of trial and the possible difficulty in ultimately proving class liability and damages against FCI, the proposed settlement is clearly fair, reasonable, and adequate.

> **D.      *The Settlement Was Not The Product Of Fraud Or Collusion*.**

As noted, the Agreement was negotiated at arm's length for months by experienced and capable Class Counsel and Defendant's counsel all of whom recommend its approval. As demonstrated by their affidavits, Class Counsel is an experienced consumer class action lawyer and well qualified to assess the prospects of the case and negotiate a favorable resolution for the Settlement Class. [Marcus Declaration ¶7].

## V.      PLAINTIFF IS ENTITLED TO RECOVER HIS ATTORNEYS' FEES AND LITIGATION EXPENSES[1]

Here, Class Counsels' fees and costs are authorized by both law and the Parties' agreement. See, 15 U.S.C. § 1682k(a)(3). After the preliminary approval was granted, FCI agreed that

---

[1] A separate Motion for Attorney Fees and Expenses will be filed shortly after this Motion for Final Approval.

Settlement Class Counsel shall be entitled to receive $32,500.00, which covers all fees and all expenses arising out of the Litigation. *The award of fees, costs, and expenses to Class Counsel shall be in addition and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members.* Upon payment to Class Counsel, FCI shall have no further obligation with respect to Class Counsels' fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Settlement Class Member.

## VI.     CONCLUSION

For the foregoing reasons, the Parties respectfully request the Court grant their motion and enter a Final Approval Order.

Respectfully submitted this     th day of December, 2018.

*s/ Ari Marcus*
Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Telephone: (732) 695-3282
Facsimile:  (732) 298-6256
E-Mail: Ari@MarcusZelman.com
*Attorneys for Plaintiff*

*/s/ Antranig Garibian*
Garibian Law Offices, P.C.
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Attorneys for Plaintiff*

*s/ Josiah Wolcott*
Josiah R. Wolcott, Esq.
Connolly Gallagher, LLP
267 East Main Street
Newark, Delaware 19711
(302) 888-6271

jwolcott@connollygallagher.com
*Attorney for Defendant*