# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMRA FOERSTER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FIRSTCOLLECT, INC.,<br><br>　　　　　Defendant. | :　CIVIL ACTION<br>:<br>:　NO. 1:17-cv-01337-JEJ<br>:<br>:<br>:　**FINAL ORDER**<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

　　　　Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Tamra Foerster ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, FirstCollect, Inc. ("FCI") the Court orders and finds as follows:

　　　　1.　　This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and FCI.

　　　　2.　　The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All Delaware consumers who were sent a collection letter and/or notice from Defendant, during the period of September 21, 2016 to present, attempting to collect a consumer debt owed to or allegedly owed to Kent Foot & Ankle Center which stated "all partial payment accounts will be charged a $4.00 partial payment fee for each payment received"

3. Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and included whether or not FCI violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* by sending consumers written collection communications, which included a fee that was not authorized by the agreement creating the debt or permitted by law; (C) the claim of Plaintiff is typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorney, Ari Marcus, and Antranig Garibian, is hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 195 Settlement Class members by August 10, 2018, the third-party settlement administrator. A total of 17 envelopes were returned by the United States Postal Service, of which none were returned with forwarding addresses and re-mailed. No Settlement Class members requested exclusion, and no objections were filed or received. A total of 178 Settlement Class members are entitled to a share of the monetary benefits of the settlement.

5. On December 13, 2018, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited.

6. The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by

FCI. Upon the Effective Date, as that term is defined in the Agreement, FCI shall make the following payments:

  a. FCI will create a class settlement fund of $2,354.00 ("Class Recovery"), which the Class Administrator, First Class, Inc. will distribute *pro rata* among those Settlement Class Members who do not exclude themselves ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Claimants' checks, these remaining funds will be distributed as set forth in ¶7c.

  b. FCI shall pay Plaintiff $1,500.00.

  c. FCI shall pay Class Counsel $32,500.00 for their attorneys' fees and costs incurred in the action under the terms listed in the Settlement Agreement. Class Counsel shall not request additional fees or costs from FCI or the Settlement Class members.

8. The Parties grant the following releases:

(a) Plaintiff, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges FCI, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to FCI's collection activity.

(b) Each member of the Settlement Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to FCI's collection activity of sending collection notices which attempted to collect a $4.00 fee for making partial payments.

(c) Plaintiff and each Settlement Class member DO NOT release any defense they may have with respect to the underlying debts which FCI was attempting to collect, including (i) whether any debt is in fact owed, and (ii) the crediting of payments on any debt.

9. The Court finds the Agreement is fair and made in good faith.

10. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

13. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**IT IS SO ORDERED:**

_____
Honorable John E. Jones
Judge, United States District Court

Dated: 12+3-18